IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James E. Bethea, ) | |
| ) | C/A No. 2:11-0631-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Warden of FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner James E. Bethea brought this action in the Eastern District of Pennsylvania, seeking relief pursuant to 28 U.S.C. § 2241. An amended petition was filed on November 8, 2010. The action was transferred to this court on March 16, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. By order filed April 7, 2011, the Magistrate Judge instructed Petitioner, among other things, to keep the Office of the Clerk of Court advised in writing of any change in address. The April 7, 2011 order was sent to Petitioner at his last known addresses at FCI-Edgefield, in Edgefield, South Carolina. The envelope containing Petitioner's copy of the April 7, 2011 order was returned to the Clerk's Office marked "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD" April 20, 2011. The April 7, 2011 order then was sent to Petitioner at CCM Washington DC in Annapolis Junction, Maryland. The envelope containing the April 7, 2011 order was returned to the Clerk's Office on May 3, 2011 marked "RETURN TO SENDER - ATTEMPTED NOT KNOWN - UNABLE TO FORWARD."

On May 27, 2011, Respondents filed a motion to dismiss for mootness on the grounds that Petitioner had been released from custody. On June 1, 2011, an order was issued pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedures and the possible consequences of failing to respond adequately. The Roseboro order was sent to Petitioner at the DC Detention Center in Washington, D.C. On June 3, 2011, the envelope containing Petitioner's copy of the Roseboro order was returned to the Clerk's Office marked "NOT HERE 5/18/11."

On July 12, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that the § 2241 petition be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b). The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court on July 25, 2011, marked "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD." The Federal Bureau of Prisons website indicates that Petitioner was released on May 18, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

It appears that Petitioner no longer wishes to pursue this action. Moreover, it appears that the § 2241 petition is moot because Petitioner no longer is incarcerated. The court concurs in the recommendation of the Magistrate Judge that the action be dismissed. However, because it

Petitioner did not receive the April 7, 2011 order directing him to keep the Clerk's Office apprised of any change of address, the case is dismissed *without prejudice*.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 10, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**